UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY

IN RE:

| | |
|---|---|
| GC LONDON KY INC. | CASE NO. 15-60463 |
| GC SOMERSET KY INC. | CASE NO. 15-60466 |
| | (LONDON DIVISION) |
| | |
| GC GEORGETOWN KY INC. | CASE NO. 15-50707 |
| GC NICHOLASVILLE KY INC. | CASE NO. 15-50708 |
| GC LEXINGTON KY INC. | CASE NO. 15-50709 |
| GC EGG HARBOR NJ INC. | CASE NO. 15-50710 |
| GC DELRAN NJ, LLC | CASE NO. 15-50711 |
| | (LEXINGTON DIVISION) |
| DEBTORS IN POSSESSION | CHAPTER 11 |
| | (JOINT APPLICATION PENDING) |

**DEBTORS' EXPEDITED MOTION FOR AN ORDER ENFORCING THE AUTOMATIC STAY, CHAPTER 11 OPERATING ORDER AND DIRECTING BANK OF AMERICA TO RELEASE THE DEBTORS' BANK ACCOUNTS AND APPROVING SHORTENED AND LIMITED NOTICE OF EXPEDITED HEARING ON AND FOR THIS MOTION TO BE HEARD IN THE LEXINGTON DIVISION**

Come GC London KY Inc., GC Somerset, KY Inc., GC Georgetown KY Inc., GC Nicholasville KY Inc., GC Lexington KY Inc., GC Egg Harbor NJ Inc., and GC Delran NJ LLC; as debtors and debtors in possession (collectively, the "Debtors"), by counsel, and hereby move the Court for entry of an order approving enforcing the automatic stay and directing Bank of America to release the Debtors' bank accounts and approving an expedited hearing to consider the motion of the Debtors and shortened and limited notice thereof to certain creditors and parties in interest pursuant to E.D. Ky. LBR 2002-1 and for the motion to be heard in the Lexington Division. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. On April 10, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors are operating their businesses as debtors and debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. These matters constitutes core proceedings under 28 U.S.C. § 157(b)(2)(A).

3. Five of the seven affiliated Debtors maintain a principal place of business in the Kentucky counties of Laurel, Somerset, Fayette, Jessamine and Scott Counties. Hence, venue is appropriate in this District for those entities. Two of the Debtors maintain a principal place of business in New Jersey and venue is appropriate in this District for those Debtors as there are pending bankruptcy cases of those Debtors' affiliates in this District. Accordingly, venue for the Debtors' Chapter 11 cases is proper in this District under 28 U.S.C. § 1408 and 1409.

4. No trustee or examiner has been appointed in these Chapter 11 cases, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5. The Debtors operate various Golden Corral franchises in Kentucky and New Jersey. GC London KY Inc., GC Lexington KY Inc., GC Georgetown KY Inc., and GC Nicholasville KY, Inc., Kentucky corporations, were established on March 8, 2012. The shareholders of these entities are Dexter Bartholomew (85%) and Frank Seddio (15%). GC Somerset KY Inc., a Kentucky corporation, was also established on March 8, 2012. The shareholders of this entity are Adeline Francois (80%), Dexter Bartholomew (10%), and Frank Seddio (10%). GC Egg Harbor NJ Inc., a New Jersey corporation established in 2009, is owned

by Dexter Bartholomew (85%) and Frank Seddio (15%). The members of GC Delran NJ LLC, a New Jersey limited liability company, are Dexter Bartholomew (95%) and Adeline Francois (5%).

6.  The Debtors began to experience financial difficulties in 2013 after entering into various oppressive merchant agreements with multiple merchant cash advance lenders. Under these predatory agreements, the Debtors would receive a loan or cash advance often styled as a "sale" but in reality a disguised loan transaction. In turn, the Debtors would repay the advance plus an additional sum (often referred to as the "purchase price" but in reality disguised interest on the amount advanced) from a percentage (typically 18-25%) of future credit card receivables. These transactions often referred to as "sales" were in reality disguised loans that required personal guarantees by the owners and were collateralized by UCC-1 filings in assets other than credit card receivables. This type of predatory lending has actually been the subject of a few high-profile class action lawsuits and settlements in California.

7.  Under the burden of these merchant agreements, which are designed to be paid off in a relatively short period of time, the Debtors cash flow was seriously impacted. As a result, the Debtors became in arrears with several of their major creditors and an out-of-court restructuring is impractical. Consequently, the Debtors seek to reorganize their businesses under Chapter 11 of the Bankruptcy Code in order to restructure their debts, reorganize as a going concern, and maximize value for the benefit of the creditors of their Estates.

**REQUEST FOR RELIEF**

8.  On or about April 6, 2015, the Debtors' bank, Bank of America, notified them of a notice of restraint against their accounts due to a judgment. See attached <u>Exhibit A</u>.

9. Upon filing of the bankruptcy, Debtors' counsel contacted Yellowstone Capital, LLC to obtain a release due to the automatic stay of the bankruptcy. That release is attached hereto as Exhibit B.

10. Upon information and belief, Bank of America initially released most of the bank accounts; however, very shortly thereafter, then restrained the accounts again.

11. Without access to the Debtors' bank accounts, the Debtors are unable to buy food or otherwise operate. Additionally, the Debtors are unable to deposit funds of the bankruptcy estates into new debtor in possession accounts.

12. The Debtors request that the Court direct Bank of America to release the bank account funds to the Debtors so the Debtors can pay emergency expenses and open new debtor in possession bank accounts. Per the attached email as Exhibit C, Frank Sutton of Bank of America has indicated that absent a Court order, the bank will not release the funds.

## REQUEST FOR EXPEDITED HEARING IN LEXINGTON DIVISION

13. The relief requested in the herein Motion is essential to maintaining the Debtors' businesses and thereby maximizing the value of the Debtors' assets for the benefit of their Estates and creditors. Accordingly, the Debtors believe that this Motion involves matters that require an expedited hearing and respectfully request that the Court conduct such hearing on Monday, April 13, 2015 at 1:00 p.m. (ET) at the Community Trust Bank Building, 100 East Vine Street, Lexington, Kentucky, Second Floor Courtroom.

14. The Debtors have given notice of the filing of this Motion and the expedited hearing thereon via electronic mail on Bank of America's Legal Department: attention Frank Sutton, frank.sutton@baml.com.

15. The Debtors request that service of notice on the party stated above in the form and manner described herein be deemed adequate and appropriate under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules of this Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) approving an expedited hearing on this Motion on Monday, April 13, 2015, at 1:00 p.m (ET), before the United States Bankruptcy Court, Second Floor, 100 East Vine Street, Lexington, Kentucky, (ii) finding that service of the notice of filing of this Motion and the expedited hearing thereon via electronic mail, on the party set forth herein shall be sufficient and adequate notice under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court, and (iii) granting such other and further relief as the Court may deem proper.

## **NOTICE**

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Second Floor, Lexington, Kentucky, on Monday, April 13, 2015, at the hour of 1:00 p.m. (ET), or as soon thereafter as counsel may be heard.

    Respectfully submitted,

    DELCOTTO LAW GROUP PLLC

    /s/ Jamie L. Harris, Esq.
    KY Bar No. 91387
    200 North Upper Street
    Lexington, KY 40507
    Telephone: (859) 231-5800
    Facsimile: (859) 281-1179
    jharris@dlgfirm.com
    COUNSEL FOR DEBTORS
    AND DEBTORS IN POSSESSION
    (UNDER PENDING APPLICATION)

## **CERTIFICATE OF SERVICE**

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by electronic mail on April 13, 2015, on the party listed below:

Frank Sutton
frank.sutton@baml.com

/s/ Jamie L. Harris, Esq.
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION
(UNDER PENDING APPLICATION)