UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY

IN RE:

| | |
|---|---|
| GC LONDON KY INC. | CASE NO. 15-60463 |
| GC SOMERSET KY INC. | CASE NO. 15-60466 |
| | (LONDON DIVISION) |
| | |
| GC GEORGETOWN KY INC. | CASE NO. 15-50707 |
| GC NICHOLASVILLE KY INC. | CASE NO. 15-50708 |
| GC LEXINGTON KY INC. | CASE NO. 15-50709 |
| GC EGG HARBOR NJ INC. | CASE NO. 15-50710 |
| GC DELRAN NJ, LLC | CASE NO. 15-50711 |
| | (LEXINGTON DIVISION) |
| | |
| DEBTORS IN POSSESSION | CHAPTER 11 |
| | (JOINT APPLICATION PENDING) |

**ORDER FOR INTERIM USE OF CASH COLLATERAL**

This matter having come before the Court upon the motion of GC London KY Inc., GC Somerset, KY Inc., GC Georgetown KY Inc., GC Nicholasville KY Inc., GC Lexington KY Inc., GC Egg Harbor NJ Inc., and GC Delran NJ LLC, as debtors and debtors in possession (the "Debtors"), for Interim Use of Cash Collateral (the "Motion") (all terms not otherwise defined herein shall have the same meaning given such terms in the Motion), and it appearing that proper notice of the Motion was given, and it further appearing that no objections having been filed or any timely objections being hereby overruled, and the Court having reviewed the record and being otherwise sufficiently advised; and having considered same;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtors' cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

1

This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Notice of the hearing on the Motion has been given via electronic mail and/or first-class U.S. mail, as appropriate, on the U.S. Trustee, the Debtor's tax creditors, and all secured and the twenty largest unsecured creditors of the Debtors and such other creditors or parties in interest as listed on the Debtor's proposed Master Service List. Under the circumstances, such notice of the hearing and the specific relief requested in the Motion complies with the requirements of 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 2002 and 4001. The Debtors have provided adequate notice under the circumstances pursuant to Fed. R. Bankr. P. 4001 of the hearing to consider entry of this Interim Order to all persons who are entitled to receive such notice.

3. Good cause has been shown for entry of this Interim Order. The entry of this Interim Order is in the best interests of the Debtors' creditors and their Estates. The terms of this Interim Order, including the terms of the use of the Cash Collateral and the security interests, liens, rights, and priorities granted hereunder are fair under the circumstances.

4. Subject to the other terms contained herein, the Debtors are hereby authorized to use Cash Collateral only in accordance with this Interim Order from the Petition Date through any final hearing date on this Motion. The Debtors may use Cash Collateral to pay those items designated in the budgets attached as <u>Exhibit A</u> to the Motion and incorporated herein by reference (the "Budgets") in the Interim Period for only those expenses to avoid irreparable harm. Any expenditure which would cause the Debtors to exceed the total of the Budgets by more than twenty percent (20%) will require Court approval or the written consent of their Cash Collateral Creditors prior to such expenditures being made.

5. Subject to the entry of an Order approving the employment of DelCotto Law Group PLLC ("DLG") herein, there is expressly carved out of Cash Collateral the sums for DLG's legal

2

fees and expenses set forth in the Budgets (other than for the GC Somerset KY Inc., GC London KY Inc. and GC Lexington KY Inc. entities as the Cash Collateral Creditors of these entities have objected to a carve-out in the interim period) and the Debtors are authorized and directed to pay the monthly budgeted amounts for legal fees to DLG's escrow account, to be held pending further orders of the Court.

6. Additionally, there is expressly carved out of Cash Collateral the sums for U.S. Trustee fees set forth in the Budgets. This Interim Order is without prejudice to a carve-out for Committee counsel, if appointed in these cases, or for other professional fees (if additional employment applications are filed).

7. As adequate protection for any diminution in the value of the Cash Collateral Creditors' interests in the Cash Collateral, pursuant to 11 U.S.C. §§ 361 and 363, the Cash Collateral Creditors (only Certus Bank, Golden Resources, LLC, and Bank of Princeton,) are granted liens (the "Replacement Liens"), of the same type of property/collateral as existed prepetition, subject only to any valid and enforceable, perfected, and non-avoidable liens of other secured creditors.

8. The Replacement Liens granted by this Interim Order shall be deemed effective, valid, and perfected as of the Petition Date without the necessity of the filing or lodging by or with any entity of any documents or instruments otherwise required to be filed or lodged under applicable non-bankruptcy law. This Interim Order shall be deemed to be a security agreement for purposes of creation, attachment and perfection of the Replacement Liens on and the security interests in, to and against the postpetition Collateral.

9. The Replacement Liens granted to the Cash Collateral Creditors under this Interim Order are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security

interests, and prepetition liens and priorities granted under the existing agreements between the parties.

10. As additional adequate protection, the Debtors shall continue to account for all cash use, and the proposed cash use as set forth in the Budgets is being incurred primarily to preserve property of the Estates.

11. The parties on the proposed Master Service List served with copies of this Interim Order.

12. Any objections shall be (i) in writing, (ii) filed on or before 5:00 p.m. on April 25, 2015 and (iii) noticed for hearing on April 28, 2015 at 9:00 a.m. at the United States Bankruptcy Court, 100 East Vine Street, Second Floor, Lexington, Kentucky, and (iv) copies thereof shall be served upon counsel for the Debtors and any other party entitled to receive notice. If no timely objections are filed, this Interim Order shall become final.

13. Prior to the conclusion of the final hearing, the Debtors are authorized and directed to execute and comply with the terms of this Interim Order and are further authorized to use Cash Collateral under all of the terms and conditions provided in this Interim Order.

Tendered by:

DELCOTTO LAW GROUP PLLC

/s/ Jamie L. Harris, Esq.
KY Bar No. 91387
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
jharris@dlgfirm.com
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION
(UNDER PENDING APPLICATION)

**Pursuant to Local Rule 9022-1(b) Jamie L. Harris,**

4

**Esq. shall cause a copy of this Order to be served on each of the non-ECF parties listed on the proposed Master Service List and shall file with the Court a certificate of service of the Order upon such parties within seven (7) days hereof.**

5

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Thursday, April 16, 2015**
**(grs)**